(260 P.3d 1234)
No. 104,693

In the Matter of the Tax Complaint of DOUGLAS A. WINE,
Pursuant to K.S.A. 79-1413a.

Opinion filed July 15, 2011.

*William A. Kassebaum*, county counselor, for appellant Morris County.

*Coy M. Martin*, of Moore Martin, LC, of Wichita, for appellee Douglas A. Wine.

*Gerald N. Capps*, of Wichita, for *amicus curiae* City of Council Grove.

Before GREENE, C.J., MALONE, J., and KNUDSON, S.J.

GREENE, C.J.: Morris County appeals the Court of Tax Appeals' (COTA) order of reappraisal pursuant to K.S.A. 2010 Supp. 79-

1413a, which ordered the County to reappraise "all taxable City Lake real property and improvements used for residential purposes in compliance with K.S.A. [2010 Supp.] 79-412." The County argues that COTA's order should be reversed due to prejudicial delay, lack of findings to support its legal conclusion, and erroneous statutory interpretation. We disagree and affirm COTA's order of reappraisal.

## FACTUAL AND PROCEDURAL OVERVIEW

In 1993, Douglas A. Wine purchased a mobile home, together with rights to an existing ground lease on a lakefront lot on Council Grove City Lake in Morris County. All real property surrounding this lake is owned by the City of Council Grove and is leased by the City to respective tenants, some of whom have mobile homes and some of whom have constructed permanent residences on these lakefront lots.

Wine appealed his property valuation for tax year 2007, claiming that the County had improperly included the value of his leasehold interest by utilizing the sales comparison approach to value his mobile home. According to COTA, other City Lake tenants have filed similar appeals, all of which claimed that the County improperly allocated the value of the leasehold interest to the tenant instead of to the City. COTA consistently held in favor of the tenant in these cases. Despite these appeal results, however, the County did not change its approach to the appraisal of these properties except as ordered in a case-by case basis. As of the date of COTA's order subject to this appeal, many such appeals were pending at COTA.

Wine ultimately filed a verified complaint for relief under K.S.A. 2010 Supp. 79-1413a, requesting a reappraisal of all City Lake improvements. After an evidentiary hearing, COTA granted the requested relief, concluding in material part:

"Morris County's appraisal methodology can be characterized as a composite sales/income approach. In tax year 2009, sixty-eight percent (68%) of all City Lake parcels, including all mobile home parcels, were valued using this methodology. The tenant share (the improvements) was valued using the sales approach, and the City's share (the land) was valued using the income approach. However, instead of valuing the improvement based on comparable transactions in which only

improvements were sold, the county valued the improvements based on transactions in which the improvements were sold together with the tenant's interest in the underlying land. And instead of using market rents to value the underlying land, the county valued the land by capitalizing the contract rents payable under the existing ground leases.

"We find the county's systematic application of the composite sales/income approach, as described, violates K.S.A. 79-412 and adversely affects Mr. Wine and other similarly situated ground lease tenants at City Lake. Morris County's appraisal methodology operates to overvalue the tenant's share while undervaluing the City's share. The tenant's share is overvalued because it includes not only the value of the tenant-owned improvements but also the value of the tenant's leasehold interest in the underlying land. In turn, the City's share is undervalued because it does not include the value of the land's undivided fee simple estate. Instead, the City is being assessed on the value of the leased fee interest. The undivided fee is comprised of all rights and interests in a given parcel of real estate without condition or encumbrance. The leased fee, which is a lesser estate in property includes only the landowner's right to receive rents during the term of the lease, plus the value of the reversion upon its expiration.

. . . .

"We find Morris County's assessments to be 'erroneous principally because Mr. Wine and other City Lake tenants are being taxed on the value of the improvements they own in addition to the value of their ground leasehold, leaving the City to be taxed only on the value of the leased fee. According to the evidence, it is clear that the leasehold created under the City Lake ground leases, though held by the tenants as beneficial interests, are still part and parcel of the fee simple estate in the underlying land. As such, the leasehold value should be allocated to the City, not the tenant, in accordance with K.S.A 79-412."

The County timely appeals.

## STANDARDS OF REVIEW

The Kansas Judicial Review Act (KJRA), see K.S.A. 77-601 *et seq.*, governs appellate review of COTA rulings. K.S.A. 2010 Supp. 74-2426(a), (c); K.S.A. 2010 Supp. 77-603(a). The KJRA delineates specific circumstances under which this court may properly grant relief. Relevant here, relief shall be granted when (i) the agency has erroneously interpreted or applied the law; or (ii) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure. K.S.A. 2010 Supp. 77-621(c)(4) and (5). Because the County is challenging COTA's reappraisal order, it bears the burden of proving the invalidity of the court's action. K.S.A. 2010 Supp. 77-621(a)(1).

To the extent that resolution of this issue involves statutory interpretation, this court exercises unlimited review. *In re Tax Appeal of Graceland College Center*, 40 Kan. App. 2d 665, 668, 195 P.3d 245 (2008), *rev. denied* 289 Kan. 1278 (2009). We are guided, however, by the general rule in Kansas which instructs that when construing tax imposition statutes, provisions which impose the tax are to be construed strictly in favor of the taxpayer. *In re Tax Exemption Application of Central Illinois Public Services Co.*, 276 Kan. 612, 616, 78 P.3d 419 (2003).

As is usually the case, determining whether an agency has erroneously interpreted or applied the law is a question of law over which an appellate court's review is unlimited. *Graceland*, 40 Kan. App. 2d at 667.

Is COTA's ORDER SUBJECT TO REVERSAL OR VACATUR DUE TO ITS ISSUANCE BEYOND THE 120-DAY PERIOD REQUIRED BY K.S.A. 2010 SUPP. 74-2426(a)?

The County initially argues that COTA's order should be overturned because it was issued more than 190 days after the matter was fully submitted in violation of K.S.A. 2010 Supp. 74-2426(a), which requires that a final order of COTA "shall be rendered in writing and served within 120 days after the matter was fully submitted to the Court unless this period is waived or extended with the written consent of all parties or for good cause shown." The County argues that COTA's belated issuance of the order of reappraisal was prejudicial because it "has put into question the appraised values of 350 parcels and has disrupted local units of government's budgets that were based on 2010 values for [these] parcels."

The question before us is whether the language of K.S.A. 2010 Supp. 74-2426(a) is mandatory or directory. Our appellate courts have often addressed this question in other contexts, and we have consistently held that statutory provisions governing order and timing of procedures are more likely to be determined to be directory only. See *State v. Raschke*, 289 Kan. 911, 919-21, 219 P.3d 481 (2009) (cases collected and discussed therein). In *Raschke*, our Supreme Court specified four factors among those to be considered

in determining whether the legislature's use of "shall" makes a particular provision mandatory or directory:

"(1) legislative context and history; (2) substantive effect on a party's rights versus merely form or procedural effect; (3) the existence or nonexistence of consequences for noncompliance; and (4) the subject matter of the statutory provision." 289 Kan. at 921.

The parties do not suggest any legislative history to guide us here. The consequences for noncompliance are not specified in the statute, thus militating a directory intent. See *In re L.C.W.*, 42 Kan. App. 2d 293, 296, 211 P.3d 829 (2009) ("shall" is directory where no provision for penalty or negative consequence for noncompliance is provided in statute). The substantive effect on the County's rights and the subject matter of the provision merit some discussion.

We appreciate the need to avoid delay in the context of a reappraisal proceeding under K.S.A. 2010 Supp. 79-1413a. As the County notes, the appraised values of properties within the county are the building block for budgets, and adjustments to those appraisals—or a substantial number of them—can be disruptive to the process and may add some degree of uncertainty to the financial foundation for county government. This is not the case here, however, because there appears to be no substantial risk of a total valuation increase or decrease. The problem addressed by COTA is that values were not properly divided between the owner of the improvements and the owner of the land where those improvements were located. Although the reappraisal might lead to some degree of adjustment to total valuation, this will occur only where individual parcels of improvement and the land where situated had previously been undervalued or overvalued. Otherwise, the reappraisal process ordered in this case will most significantly affect a redivision of the values determined, with a portion of erroneous improvement valuation being reallocated to the owner of the land where those improvements were situated. Thus, we do not believe there will likely be significant disruption in the County's financial underpinning by reason of the subject COTA order.

For all of these reasons, we conclude that the statutory language contained in K.S.A. 2010 Supp.74-2426(a) as applied in this context

is directory only, and COTA's order need not be overturned by reason of noncompliance. We note, however, that the statute's directive is not to be ignored, and the better practice is for COTA to endeavor to comply with the timing directive provided by the legislature.

### DID COTA'S FINDINGS SUPPORT ITS LEGAL CONCLUSION AND MANDATE FOR REAPPRAISAL

The County next argues that COTA erred in finding that Morris County failed to comply with Kansas Property Valuation Division's (PVD) guidelines and timetables. We view the argument as misfocused because COTA made no such finding. Instead, COTA found the County failed to comply with the law.

K.S.A. 2010 Supp. 79-1413a provides in material part:

"Whenever . . . it shall be made to appear to the satisfaction of the court that the appraisal of real property or tangible personal property in any county is not in substantial compliance *with law* and the guidelines and timetables prescribed by the director of property valuation, and that the interest of the public will be promoted by a reappraisal of such property, [COTA] shall order a reappraisal . . . ." (Emphasis added.)

COTA's conclusions referenced and challenged by the County state:

"[Wine] has demonstrated that Morris County's appraisals of his property and the properties of other similarly situated taxpayers are not in substantial compliance with the law. Whether the appraisals are in substantial compliance with PVD guidelines and timetables is of no consequence, as PVD guidelines and timetables are invalid *if they do not comport with the law.*" (Emphasis added.)

On appeal, the County argues that there was no evidence that it was not in compliance with the guidelines and timetables prescribed by the Director of Property Valuation. We agree with COTA, however, in holding that in order to avoid reappraisal under K.S.A. 2010 Supp. 79-1413a, a county must not only show compliance with PVD guidelines and timetables, but it must also demonstrate compliance with the law.

Here, COTA found that the County was in noncompliance with the law because its appraisal of lakefront properties violated K.S.A. 2010 Supp. 79-412, which provides, in material part:

"It shall be the duty of the county or district appraiser to value the land and improvements. The value of the land and improvements shall be entered on the assessment roll in a single aggregate, except as hereinafter provided. Improvements owned by entities other than the owner of the land shall be assessed to the owners of such improvements, if the lease agreement has been recorded or filed in the office of the register of deeds."

As we have noted above, COTA found that this statutory mandate was violated by the County when it improperly allocated the value of the leasehold interest to the tenant instead of the City. As explained by COTA, "[g]round lease properties such as those at City Lake are to be appraised and taxed by separating the value of the tenant-owned improvements from the value of the land and assessing the former to the owner of the improvements and the latter to the owner of the land" in order to comply with K.S.A. 2010 Supp. 79-412. The County apparently does not challenge this conclusion on appeal.

Thus, we conclude that the County indeed was not in substantial compliance with the law in the manner that it appraised the lakefront properties. This noncompliance was indeed a legally adequate basis for Wine to be granted relief under K.S.A. 2010 Supp. 79-1413a without regard to full compliance with PVD directives. The County's second claim of error is rejected.

### DID COTA ERR IN FINDING THAT LOCATION CANNOT BE CONSIDERED IN THE FAIR MARKET VALUE OF IMPROVEMENTS ON LEASED GROUND?

Finally, the County argues that COTA erred in concluding that location "must be considered an attribute of the land, not the improvements." The argument is that this finding "would ignore the unique location of Mr. Wine's property" as well as fair market value standards of K.S.A. 79-501 and K.S.A. 2010 Supp. 79-503a. We disagree.

A panel of our court has already addressed this question in the precise context of this appeal. *In re Tax Appeal of Lipson*, 44 Kan. App. 2d 515, 517-18, 238 P.3d 757 (2010), *pet. for rev.* filed October 8, 2010 (pending). At this time, that decision is pending review, thus limiting its vitality for purposes of this opinion. See Supreme

Court Rule 8.03(i) (2010 Kan. Ct. R. Annot. 68). Nevertheless, we adopt the reasoning of that panel in rejecting the County's assertion.

In *Lipson*, the County and the director of property valuation made an argument identical to that of the County in this case. In rejecting the argument, the panel relied on *Board of Johnson County Comm'rs v. Greenhaw*, 241 Kan. 119, 123, 734 P.2d 1125 (1987), where our Supreme Court held that "a leasehold estate is not subject to real estate taxation." The panel also relied on *State ex rel. Tomasic v. City of Kansas City*, 237 Kan. 572, 591, 701 P.2d 1314 (1985), where our Supreme Court held that "taxation of divided interests in real property is not within the scheme of the Kansas taxation statutes." Additionally, the panel noted that the refusal to tax leasehold interests has been perpetuated not only by legislative silence since *Tomasic* and *Greenhaw*, but by the 2004 amendment to K.S.A. 2010 Supp. 79-412 that caused the statute to read as we have quoted and construed it above. Finally, the panel noted that it would confound the statutory scheme if the value of the leasehold interest was to be assessed to the owner of the improvements because it would result in double taxation of realty under lease, valuing and assessing both an ownership and a leasehold interest, and this would reflect a radical departure from our long-established Kansas ad valorem tax scheme.

We agree with the *Lipson* panel, and we adopt its reasoning in rejecting the County's assertion that location must be considered an attribute of the improvements and thus part of their taxable value.

In summary, we have rejected the County's challenges to COTA's order to reappraise the lakefront properties. We note that no challenge has been made on appeal to the scope of the order, the conclusion that it was based on a violation of K.S.A. 2010 Supp. 79-412, or the conclusion that the interest of the public will be promoted by a reappraisal.

Affirmed.